UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO. 2:12-00031

TRE'S DAVIS

MEMORANDUM OPINION AND ORDER


        Effective November 1, 2014, the United States

Sentencing Guidelines were amended, resulting in reductions in

the guidelines in Section 2D1.1 for drug offenses.  The court

has been notified by the Probation Department that the defendant

is eligible for a sentence reduction pursuant to 18 U.S.C. §

3582(c)(2), recommending a two-level reduction.  By order

entered on March 19, 2015, the court designated the defendant

for expedited consideration and directed the United States

Attorney's Office to file a response.  The response was filed on

March 20, 2015.


        The defendant pled guilty to one violation of 18

U.S.C. § 922(g)(2), felon in possession of a firearm, and one

violation of 21 U.S.C. § 841(a)(1), distribution of cocaine

base.  On July 12, 2012, the defendant was sentenced to a 63-

month term of imprisonment on each count, to run concurrently,

for a total imprisonment term of 63 months.  The presentence report calculated the defendant's Total Offense Level to be 24 and, when coupled with a Criminal History category of III, resulted in an advisory guideline range of 63 to 78 months.  The court adopted the presentence report without change.  In arriving at the Total Offense Level of 24, the probation officer calculated the Adjusted Offense Level for each offense inasmuch as the defendant's possession of a firearm as a prohibited person was unrelated to his distribution of cocaine base.[1]  As set forth in the presentence report, the defendant was found to be accountable for the distribution of 29.8 grams of cocaine base, barely falling in the range of at least 28 but less than 112 grams, resulting in a Base Offense Level of 26.  The probation officer found no other enhancements applicable.  As to the firearm offense, the probation officer found an Adjusted Offense Level of 18.  After taking into account the multiple count adjustment upward (one level) pursuant to USSG § 3D1.4 and credit for acceptance of responsibility (three levels), the probation officer determined the Total Offense Level to be 24.

---

[1] The defendant's unlawful possession of a firearm occurred on December 12, 2011, in Huntington, West Virginia, when the defendant shot an individual whom he believed was trying to rob him.  The distribution of cocaine base by the defendant occurred on January 10, 2012, in Charleston, West Virginia.

Upon review to determine the defendant's eligibility for a sentence reduction, the probation officer found the defendant to be eligible inasmuch as (1) he is serving the original term of imprisonment; (2) the amendment is listed in USSG § 1B1.10(d); and (3) the guideline range applicable to the defendant has subsequently been lowered as a result of the listed amendment.  Pursuant to the amendment, 29.8 grams of cocaine base still falls within the range of at least 28 grams but less than 112 grams of cocaine base, resulting in a Base Offense Level of 24.  After taking into account the multiple count adjustment pursuant to USSG § 3D1.4 and credit for acceptance of responsibility, the probation officer determined the Total Offense Level to be 22.  A Total Offense Level of 22 coupled with a Criminal History category of III, yields an advisory guideline range of 51 to 63 months.  In its response, the government states as follows:

> The United States has no objection to the United States Probation Office's conclusion that this defendant is eligible for a reduced sentence based on the retroactive application of the November 1, 2014, amendments to the United States Sentencing Guidelines. In this case, however, the defendant was sentenced to 63 months imprisonment to be served concurrently on each of his two counts of conviction - 63 months for being a prohibited person in possession of a firearm (Count 4), and 63 months for distribution of cocaine

3

base (Count 6).  Accordingly, even though his drug
conviction is eligible for a two-level reduction, he
still must serve a 63 month sentence on his prohibited
person in possession of a firearm conviction.

The authority to reduce a term of imprisonment as a

result of an amended guideline range is found at USSG §

1B1.10(a)(1) which provides that, when a defendant is serving a

term of imprisonment and the guideline range applicable to that

defendant has subsequently been lowered, the court may reduce

the defendant's term of imprisonment pursuant to 18 U.S.C. §

3582(c)(2).  As set forth in 1B1.10(a)(2)(A) and (B), a

reduction is not authorized if none of the amendments listed in

subsection (d) is applicable to the defendant, or an amendment

listed in subsection (d) does not have the effect of lowering

the defendant's applicable guideline range.  The determination

of such a reduction is governed by USSG § 1B1.10(b)(1) which

states as follows:

> In General.——In determining whether, and to what
> extent, a reduction in the defendant's term of
> imprisonment under 18 U.S.C. § 3582(c)(2) and this
> policy statement is warranted, the court shall
> determine the amended guideline range that would have
> been applicable to the defendant if the
> amendment(s) to the guidelines listed in subsection
> (d) had been in effect at the time the defendant was
> sentenced. In making such determination, the court
> shall substitute only the amendments listed in
> subsection (d) for the corresponding guideline

4

provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

In this case, the guideline range applicable to the defendant has been lowered as a result of the amendment reducing the drug guidelines by two levels by virtue of his conviction for the distribution of cocaine base, an amendment which is listed at USSG § 1B1.10(d).  Moreover, subsection (b)(1) instructs the court, in determining whether, and to what extent, a reduction is warranted, to determine the amended guideline range that would have been applicable to the defendant if the amendment had been in effect at the time the defendant was sentenced.  As found by the probation officer, if the amendment had been in effect at the time of sentencing, the defendant's guideline range would have been 51 to 63 months rather than 63 to 78 months.  The court is further instructed to substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.  As also found by the probation officer, substitution of only the amended guideline results in a lower guideline range even after taking into account the adjustment for the firearm offense.

5

In this case, the defendant's Combined Offense Level was reached by taking the offense level applicable to the group with the highest offense level, his cocaine base conviction at an Adjusted Offense Level of 26, and increasing that offense level by one level as indicated in the table set forth at USSG § 3D1.4, for the firearms offense, less the three-level credit for acceptance of responsibility. Using that same mechanism with respect to the amendment, and following the various directives of USSG § 1B1.10, the defendant's Total Offense Level is 24 for a range of 51 to 63 months. If the amendment had been in effect at the time of sentencing, the defendant would not have been sentenced to a term of 63 months on his prohibited person in possession of firearm offense but would have received a 51-month sentence calculated on the basis of the higher level cocaine base offense which was the driving force behind the guideline calculation. See United States v. Mack, 417 Fed.Appx. 269, 2011 WL 915079 (4th Cir. 2011)(grouping case); United States v. Tucker, 862 F.Supp.2d 715 (N.D. Ohio 2012)(grouping case); and United States v. Greene, 824 F.Supp.2d 166 (D.C. 2011)(units case).

Inasmuch as the guideline range applicable to the defendant is lowered when only the applicable amendment is substituted, and inasmuch further as the amendment has the effect of lowering his guideline range despite his felon in possession conviction which is taken into account by application of the ''units'' in determining the Combined Offense Level under USSG § 3D1.4, the court finds that the defendant is eligible for a sentence reduction.  Accordingly, it is ORDERED that the defendant's sentence be, and it hereby is, reduced from 63 months to 51 months.  Except as herein otherwise provided, all provisions of the judgment dated July 12, 2012, shall remain in full force and effect.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record and the United States Probation Department.

ENTER:  July 10, 2015

John T. Copenhaver, Jr.
United States District Judge